45 F.3d 427
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Kester J. MEADE, Petitioner,
v.
CLINCHFIELD COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 94-1483.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 23, 1994.
Decided Jan. 10, 1995.
 
 On Petition for Review of an Order of the Benefits Review Board. (93-1003-BLA).
 Kester J. Meade, Petitioner Pro Se. Harry Ashby Dickerson, PENN, STUART, ESKRIDGE & JONES, Abingdon, VA; Patricia May Nece, Edward Waldman, UNITED STATES DEPARTMENT OF LABOR, Washington, DC, for Respondents.
 Ben. Rev. Bd.
 REMANDED.
 Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Kester J. Meade, a former coal miner, appeals from the Benefit Review Board's decision affirming the Administrative Law Judge's (ALJ) denial of black lung benefits. On appeal, Meade challenges the ALJ's weighing of the evidence and finding of no total disability under 20 C.F.R. Sec. 718.204(c) (1994). Because the ALJ's decision is not supported by substantial evidence we remand for further findings.
 
 
 2
 To recover black lung benefits a claimant must establish total disability due to pneumoconiosis. 20 C.F.R. Sec. 718.204(a) (1994). Total disability may be established by means of (1) pulmonary function studies, (2) arterial blood gas studies, (3) evidence of cor pulmonale with right-sided congestive heart failure, or (4) medical reports. 20 C.F.R. Sec. 718.204(c) (1994). Where medical reports are relied on, total disability is shown when "a physician exercising reasoned medical judgment, based on medically accepted clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents or prevented the miner" from engaging in his usual coal mine work and from engaging in gainful employment in the immediate area requiring abilities comparable to those of any of the miner's previous coal mine employment. 20 C.F.R. Sec. 718.204(c)(4) (1994).
 
 
 3
 All of Meade's pulmonary function and blood gas studies of record produced non-qualifying values. The record contains no evidence of cor pulmonale. Accordingly, in determining that Meade was not totally disabled, the ALJ considered the testimony of Meade, and the medical reports of Drs. Robinette and Garcia. Meade testified that his last coal mining job was as a belt examiner for the mine. In this capacity, Meade was required to work underground examining belts and rollers for damage. Meade rode the beltlines in a jeep, but occasionally had to walk approximately one mile on both level and slop ing ground, and carry equipment weighing approximately twenty pounds. Meade further testified that he has had breathing problems since the 1970's. The problems manifest themselves in a shortness of breath and chest pains, and that it has gotten worse in recent years. As a result, Meade is unable to do household chores, he is forced to sleep in a reclined position, and he must take various medications to aide his breathing.
 
 
 4
 Doctor Robinette examined Meade in 1988. According to Dr. Robinette, Meade's pulmonary disease was so severe that it would impair him from returning to work in any capacity as an underground coal miner. Doctor Garcia examined Meade one year earlier. At that time, Dr. Garcia agreed that Meade suffered from pneumoconiosis, but Dr. Garcia went on to state that Meade could lift 150 pounds, carry 100 pounds 100 feet, and had no problem walking on level ground or climbing.
 
 
 5
 The ALJ credited Dr. Garcia's report over Dr. Robinette's, accepting it as a conclusion that Meade was not totally disabled. The ALJ reached this decision by comparing the exertional requirements of Meade's last coal mining job against the exertional limits described by Dr. Garcia. Doctor Garcia's report fails to indicate the basis for these conclusions, however, and he did not testify before the ALJ. Without determining the basis for Dr. Garcia's description of Meade's exertional limits, the ALJ's reliance on Dr. Garcia's conclusion is not supported by substantial evidence. Accordingly, we remand this case for the ALJ to conduct a hearing to determine the basis for Dr. Garcia's unexplained findings about Meade's exertional limits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 REMANDED.